UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER NEUHAUSER,<br><br>PLAINTIFF,<br><br>-AGAINST-<br><br>THE REPUBLIC OF ARGENTINA<br><br>DEFENDANT. | CIVIL ACTION NO._____<br><br><br>**COMPLAINT** |

Plaintiff Alexander Neuhauser ("Neuhauser"), by and through undersigned counsel, Davis+Gilbert LLP, as for its Complaint against Defendant Republic of Argentina ("Argentina"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising from Argentina's failure to make contractually-mandated interest payments on a certain debt security—a Series L USD Par (global) Brady Bond, Common Code notation 004311914, XS-004311914-7 ("Security")—held by Neuhauser and issued by Argentina.

2. Argentina was obligated to pay interest on the Security on certain dates and has failed to do so. Argentina's failure to pay amounts to approximately one million nine hundred thirty-eight thousand dollars ($1,938,000.00) ("Payment Amount").

3. This action also seeks the Payment Amount and damages for Argentina's breaches of a *pari passu* clause that took place during its obligation to pay.

## THE PARTIES

4. Plaintiff Alexander Neuhauser is the beneficial owner of the Security and is an individual residing at Belgielei 142, 2018 Antwerp, Belgium. He is a Belgian citizen.

5. Defendant Republic of Argentina is a foreign state as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330(a) and by agreement of the parties.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(f).

## FACTUAL ALLEGATIONS

### The Security

8. Neuhauser purchased the Security from Argentina in or around 1995-1998.

9. The Security was purchased pursuant to a Collateral Pledge Agreement ("Agreement") and an Information Memorandum ("Memorandum"), both dated April 7, 1993, attached as Exhibit A and Exhibit B, respectively. The Security was valued at $1.7 million dollars.

10. Pursuant to the Agreement, Argentina agreed to issue its USD Discount Series L, Due 2023 and its USD Par Series L, Due 2023 and provide security for the payment of principal and interest at the stated maturity of the securities. *See* Ex. A.

11. The Memorandum describes certain terms and conditions of sale and purchase of the Security as the Security. *See* Ex. B.

12. Specifically, and with respect to interest on the Security, the Memorandum provides that the "[i]nterest on the USD Discount and Par Bonds of each series in the amount of the Secured Interest Obligations…will also be secured by the pledge by Argentina of cash." *Id* at p. 1. The Security's interest began to accrue from March 31, 1993 and was to be paid on certain dates set forth in the Memorandum. *Id* at p. 6.

13. Interest on the Security was to be payable at a rate equal to 4.00% per annum during year 1, 4.25% per annum during year 2, 5.00% per annum during year 3, 5.25% per annum during

year 4, 5.50% per annum during year 5, 5.75% per annum during year 6, and 6.00% per annum during year 7 and thereafter. *Id* at p. 10.

14. Furthermore, interest was to be "computed on the basis of a year of 360 days composed of twelve months of 30 days each and, in the case of an incomplete month, the number of days elapsed (without taking into account any postponement of any Interest Payment Date which falls on a day that is not a Business Day)." *Id* at (3)(a).

15. Argentina was to make interest payments on the "15th day next preceding such Interest Payment Date" and was to make payments by check or by wire transfer to an account with a bank in New York City or London designated by the holder of the security. *Id* at p. 6.

16. The Agreement provides that if Argentina fails to make payment of the interest due on the Interest Payment Date and if "such default" is not cured within thirty (30) days, overdue interest shall be paid "to the person in whose name this Bond is registered at the close of business in New York City on a subsequent record date." *Id* (2)(c).

17. In furtherance of the fact that overdue interest was to be paid timely after the Interest Payment Date, the Agreement provides that "[i]nterest shall be payable in arrears on each Interest Payment Date." *Id* (3)(a). Argentina was required to pay interest "on such unpaid interest" from the date such interest is "due until the date such principle or interest or other amount is paid in full." *Id* at (3)(b).

18. The "interest on interest" is "payable on demand, at a rate per annum equal to the sum of 1% plus the Rate of Interest." *Id*.

19. Argentina was to make interest payments on the Interest Payment Dates, which were March 31 and November 1 of each year. *Id.*

**Argentina's Default**

20. Neuhauser received interest payments on the Security from Argentina through the end of 2002.[1]

21. However, Argentina defaulted on its payments to Neuhauser when it failed to make interest payments from March 31, 2003 through the present, at a rate of 6% per annum. Argentina's failure amounts to the Payment Amount.

22. Indeed, Argentina has not made any interest payments since 2002.

23. Neuhauser, as the beneficial owner of the interest of the Security, has a claim for unpaid interest payments amounting to approximately $1,938,000.00 in interest, as a result of Argentina's failure to make the required interest payments.

## CLAIM FOR RELIEF
### (Breach of the Agreement and the Information Memorandum)

24. Neuhauser repeats and realleges the allegations set forth in paragraphs 1 through 23 herein.

25. Under the Memorandum and the Agreement, Argentina was required to make interest payments on the Interest Payment Dates.

26. Argentina failed to make interest payment on each Interest Payment Date.

27. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2003.

28. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2004.

29. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2005.

---

[1] Though Argentina defaulted on its payments in 2001, it made Neuhauser whole by making payments to Neuhauser through the end of 2002.

30. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2006.

31. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2007.

32. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2008.

33. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2009.

34. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2010.

35. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2011.

36. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2012.

37. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2013.

38. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2014.

39. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2015.

40. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2016.

41. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2017.

42. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2018.

43. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2019.

44. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2020.

45. Argentina failed to make an interest payment to Neuhauser on March 31 and November 1, 2021.

46. Accordingly, Argentina has breached its contractual obligations to Neuhauser, and Argentina is liable to Neuhauser for damages in an amount to be determined at trial, plus interest, but no less than the Payment Amount.

## CLAIM FOR RELIEF
### (Breach of the *Pari Passu* Clause)

47. Pursuant to the Agreement, Argentina agreed to not breach a *pari passu* clause while the Security remains outstanding.

48. The clause provides as follows:

> Ensure that at all times its [Argentina's] obligations hereunder constitute unconditional general obligations of Argentina ranking at least *pari passu* in priority of payment with (A) all other Indebtedness of Argentina which by its terms is, or at the option of the holder thereof may be, payable in a currency other than Pesos and (B) all obligations of Argentina with respect to any Indebtedness issued by a Designated Argentine Governmental Agency which by its terms is, or at the option of the holder thereof may be, payable in a currency other than Pesos.

*See* Exhibit B, (8)(a)(ii).

49. Pursuant to the *pari passu* clause of the Agreement, Argentina agreed to treat each holder of a security under eh Agreement the same. Specifically, Argentina agreed not to pay some holders interests on their security and not pay other holders.

50. Upon information and belief, Argentina pay certain other holders of securities under the Agreement, but failed to pay Neuhauser.

51. Argentina's failure to pay Neuhauser interest payments while also paying other holders' interest payments is a violation of the *pari passu* clause of the Agreement.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff requests that there be an entry of judgment against Argentina as follows:

A. awarding Neuhauser the Payment Amount totaling at least $1,938,000.00;

B. awarding Neuhauser damages relating to Argentina's breach of the *pari passu* clause of the Agreement;

C. awarding Neuhauser the costs and expenses of this action; and

D. such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Neuhauser demands trial by jury in this action of all issues so triable.

Dated: New York, New York
       January 28, 2022

**DAVIS+GILBERT LLP**

By: */s/ Joshua H. Epstein*
    Joshua H. Epstein
    Derick D. Dailey
    1675 Broadway
    New York, NY 10019
    jepstein@dglaw.com
    ddailey@dglaw.com

*Attorneys for Plaintiff Alexander Neuhauser*