UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER NEUHAUSER,

           Plaintiff,

-against-

THE REPUBLIC OF ARGENTINA,

           Defendant.

No. 22 CV 768 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is the Rule 12(b)(6) motion to dismiss Plaintiff Alexander Neuhauser's complaint[1] filed by Defendant the Republic of Argentina's (the "Republic").[2]  Plaintiff opposes the motion.[3]  For the reasons below, the Republic's motion is GRANTED, and the Complaint is DISMISSED.

## I. Background[4]

    Plaintiff is a Belgian citizen residing in Antwerp, Belgium. (Compl. ¶ 4.)  In 1993, the Republic entered into a Collateral Pledge Agreement (the "Agreement") in favor of the

---

[1] Complaint, dated January 28, 2022 [dkt. no. 1].
[2] (See Defendant's Motion to Dismiss, dated April 5, 2022 [dkt. no. 11]; Defendant's Memorandum of Law in Support of its Motion to Dismiss the Complaint ("Def.'s Mot."), dated April 5, 2022 [dkt. no. 13]; Declaration of Rathna J. Ramamurthi ("Ramamurthi Decl."), dated April 5, 2022 [dkt. no. 12]) Defendant's Reply Memorandum of Law in Further Support of its Motion to Dismiss the Complaint ("Defs.' Reply"), dated July 12, 2022 [dkt. no. 19].)
[3] (See Opposition to Defendant's Motion to Dismiss the Complaint ("Pl.'s Opp'n"), dated May 31, 2022 [dkt. no. 18].)
[4] The facts set forth below are taken from the Complaint and presumed to be true for purposes of this motion.

1

Federal Reserve Bank of New York, as collateral agent, for the benefit of certain "Holders," as well as an Information Memorandum (the "Memorandum"), both dated as of April 7, 1993. (Id. ¶ 9; Exs. A (Collateral Pledge Agreement) and B (Memorandum) to the Complaint.)  Pursuant to the Agreement, the Republic issued certain debt securities, including USD Discount Series L, Due 2023 and USD Par Series L, Due 2023 (together, the "Brady Bonds"), and to provide security for the payment of principal and interest at the stated maturity of the securities. (Compl. ¶ 10.)  "Interest on the USD Discount and Par Bonds of each series in the amount of the Secured Interest Obligations" was to "be secured by the pledge by Argentina of cash."  (Id. ¶ 12; Memorandum at 1.)  Interest on the USD Discount and Par Bonds began to accrue as of March 31, 1993 and was to be paid on certain dates set forth in the Memorandum.  (Id. ¶ 12; Memorandum at 6.)

In or about the years 1995-1998, Plaintiff purchased a Series L USD Par (global) Brady Bond issued pursuant to the Agreement and the Memorandum, Common Code notation 004311914, XS-004311914-7 valued at approximately $1.7 million.  (Compl. ¶ 8.)  Plaintiff received interest payments on his Brady Bond from Argentina from the time he purchased the Security through the end of 2002.  (Id. ¶ 20.)  Since March 31, 2003, the Republic has not made any payments to Plaintiff.  (Id. ¶ 21.)

The Memorandum includes certain "Events of Default" allowing registered holders of 25% or more of the outstanding principal amount of the Brady Bonds to make written demand to the Republic accelerating the maturity date of the Brady Bonds and making the principal immediately due and payable.  (See Memorandum § 10.)  The Memorandum provides:

> If any of the following events (each an "Event of Default") shall occur and be continuing... then, if such event is continuing, registered holders of 25% or more in aggregate outstanding principal amount of the Bonds may, by written demand to Argentina at the office of the Fiscal Agent, declare the Bonds immediately due and payable, whereupon the entire unpaid principal amount of the Bonds, all interest accrued and unpaid thereon and all other amounts payable in respect of the Bonds shall become and be forthwith due and payable, without presentation, demand, protest or further notice of any kind, all of which are hereby expressly waived by Argentina. Any such declaration shall be made by written demand to Argentina at the office of the Fiscal Agent in New York City. Upon receipt by the Fiscal Agent of such written demand, the Fiscal Agent shall give notice thereof to Argentina, as provided in the Fiscal Agency Agreement, and to the holders of the Bonds, by mail and publication.

(Id. § 10.)

Plaintiff filed the Complaint on January 28, 2022, alleging the Republic has failed to make contractually required interest payments on his Brady Bond since March 31, 2003 and seeking damages of at least $1,938,000.  (Compl. ¶¶ 11-19, 21-46.)

Plaintiff also seeks damages due to the Republic's alleged violations of the Brady Bond's pari passu clause, (id. ¶¶ 47-51), alleging upon information and belief that the Republic has made interest payments to other holders of bonds issued "under the Agreement" but has failed to make payments to Plaintiff, (id. ¶ 50).

## II.  Legal Standard

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 545. On a motion to dismiss, "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken are considered." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

## III. Discussion

The Republic argues that (i) Plaintiff's claims must be dismissed as time-barred under NY CPLR section 213 and (ii) Plaintiff fails to state a claim for breach of the pari passu clause, and (iii) pari passu damages are not available. (Def.'s Mot. 3-8.)

The Republic argues that the Brady Bonds at issue provided for a maturity date in 2023 but were accelerated on February 13, 2007, resulting in Plaintiff's claims being time-barred. (Def.'s Mot. at 3-6; Ex. A, Ramamurthi Decl. (Notice from Citibank, N.A. as Fiscal Agent to the Holders of The Republic of Argentina USD Collateralized Discount Bonds due 2023 and The Republic of Argentina USD Collateralized Par Bonds due 2023), dated Feb. 13, 2007 (the "Notice").)  CPLR section 213 provides for a six-year statute of limitations, and the Court of Appeals and this Court have found that CPLR section 213 applies to actions seeking payment on the Republic's defaulted bonds, Lucesco Inc. v. Republic of Argentina, No. 16 Civ. 7638 (LAP), 2017 WL 3741342, at *2-4 (S.D.N.Y. Aug. 8, 2017); Lucesco, Inc. v. Republic of Argentina, No. 16 Civ. 7638 (LAP), 2018 WL 9539167, at *2 (S.D.N.Y. Sept. 10, 2018), aff'd, 788 F. App'x 764 (2d Cir. 2019); Bison Bee LLC v. Republic of Argentina, No. 18 Civ. 3446 (LAP), 2018 WL 8058126, at *2 (S.D.N.Y. Oct. 22, 2018), aff'd, 778 F. App'x 72 (2d Cir. 2019), including the exact Argentine Brady Bonds forming the basis for Plaintiff's claims in this action, White Hawthorne, LLC v. Republic of Argentina, No. 16 Civ. 1042 (TPG), 2016 WL 7441699, at *10 (S.D.N.Y. Dec. 22, 2016); Amended Compl. ¶¶ 17, 206-11, White Hawthorne, LLC v. Republic of Argentina, No. 16 Civ. 1042 (TPG) (S.D.N.Y. June 22, 2016), ECF No. 26; Baccanelli v. Republic of

Argentina, No. 07 CV 3851(TPG), 2008 WL 938592, at *1 (S.D.N.Y. Apr. 7, 2008) (granting judgment to plaintiff in 2008 in light of Brady Bond's acceleration demonstrated by notice of acceleration); Ex. 1C, Decl. of Regina M. Alter in Supp. of Mot. For Summ. J., Baccanelli v. Republic of Argentina, No. 07 CV 3851 (TPG) (S.D.N.Y. Nov. 16, 2007), ECF No. 9-11.  The Court previously held that claims, like Plaintiff's, for principal, interest, and equitable relief based on the pari passu clause, regarding the same "Brady Bond, which was accelerated in February 2007," were "untimely because they were not brought within six years after the debt became due and payable," i.e., by February 2013.  White Hawthorne, 2016 WL 7441699, at *10.

    Plaintiff disputes none of this.  Instead, Plaintiff argues that the Court cannot consider the Republic's statute of limitations defense because the Complaint never references the Notice or acceleration and there is no basis for the Court to take judicial notice of the fact that the Brady Bonds were accelerated.  (Pl.'s Opp'n 6-9.)  Plaintiff's position is not well taken.  Plaintiff concedes that the Brady Bonds were accelerated in 2007.  (Pl.'s Opp'n at 1 ("[W]hen Argentina's economy declined and the Republic defaulted on $80 billion of debt in 2001, a collection of hedge funds and high net worth investors . . . went into battle, and in 2007, used their collective power to accelerate the bonds.").)  As such,

6

Plaintiff does not argue that the occurrence or date of acceleration is disputable and, indeed, implicitly admits that these facts are indisputable by arguing that the Court may not take "judicial notice of facts, even if indisputable." (Id. at 7.)  Plaintiff tells the Court that even if the date and fact of acceleration is indisputable, the Court cannot acknowledge what Plaintiff, the Republic, and the Court itself have all said and know to be true and which will inevitably require dismissal of Plaintiff's claims.

The Court disagrees.  Under the unique circumstances concerning the Brady Bonds, where the cases are all related and the fact of acceleration is not unique to any plaintiff, is generally applicable to all cases involving the Brady Bonds, has been litigated through summary judgment several times, and is conceded by Plaintiff himself, the Court finds that it may take "[j]udicial notice . . . of the entire record in the files of this court."  In re "Agent Orange" Prod. Liab. Litig., 603 F. Supp. 239, 246 (E.D.N.Y. 1985); see also In re Brooklyn Navy Yard Asbestos Litig. (Joint E. & S. Dist. Asbestos Litig.), 971 F.2d 831, 839 (2d Cir. 1992) (affirming propriety of taking "judicial notice of the records of prior cases" that were closely related to the underlying dispute to make factual finding and dismiss claims based on affirmative defense).  Thus, the Court takes judicial notice of the records from its prior

7

cases and the fact that the Brady Bonds at issue were accelerated in 2007.  The Court also finds that it may consider the 2007 acceleration for the independent reason that a "plaintiff['s] concessions are also appropriate for consideration" on a motion to dismiss.  <u>Hicks v. PGA Tour, Inc.</u>, 897 F.3d 1109, 1117 (9th Cir. 2018); (quoting <u>Chongris v. Bd. of Appeals of Town of Andover</u>, 811 F.2d 36, 37 (1st Cir. 1987)); <u>McCorkle v. Bank of Am. Corp.</u>, 688 F.3d 164, 170, 172 (4th Cir. 2012) (affirming the district court's dismissal of a claim based on a "concession made at oral argument [before the district court] by counsel for Plaintiffs").

 Plaintiff also argues that, even if the Court considers the 2007 acceleration, the acceleration was not valid as to him unless he received the Notice.  (Pl.'s Opp'n 9-10.)  Plaintiff denies receiving the Notice and denies that the existence of the Notice demonstrates that he received it.  (<u>Id.</u>)  But the contractual language in the Memorandum is clear that once holders of 25% or more of the outstanding principal amount "declare the [Brady Bond] immediately due and payable" by "written demand," "the entire unpaid principal amount," plus all accrued interest and additional payable amounts, is accelerated "without presentation, demand, protest or further notice of any kind."  (Memorandum § 10.)  By its plain terms the acceleration was triggered when that occurred, not as a result of any

8

mailings or publications.  Thus, Plaintiff's bond was accelerated whether he received the Notice or not.  Plaintiff's claims, brought in 2022, are therefore time-barred.  <u>White Hawthorne, LLC v. Republic of Argentina</u>, No. 16 Civ. 1042 (TPG), 2016 WL 7441699, at *10 (S.D.N.Y. Dec. 22, 2016); <u>Baccanelli v. Republic of Argentina</u>, No. 07 CV 3851(TPG), 2008 WL 938592, at *1 (S.D.N.Y. Apr. 7, 2008).[5]

Plaintiff also fails to address the Republic's additional arguments regarding his <u>pari passu</u> claim and therefore concedes that it should be dismissed.  <u>See</u> <u>Felske v. Hirschmann</u>, No. 10 Civ. 8899(RMB), 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them.").  Plaintiff's <u>pari passu</u> claim is dismissed for this reason as well.

---

[5] Nor is the result inequitable.  Plaintiff held securities worth approximately $1.7 million and stopped receiving interest in 2003, interest which he claims is worth almost $2 million today.  Plaintiff himself alleges that he was on notice that something was amiss with his investment by 2003.  Others used this information to guard their rights in a timely manner.  Plaintiff did not despite twenty years of non-payment.  Dismissing stale claims is not unjust when a plaintiff did nothing for two decades.

## IV. Conclusion

For the reasons set forth above the Republic's motion to dismiss is GRANTED.  The Clerk of the Court is directed to close the open motion [dkt. no. 11].

**SO ORDERED.**

Dated:     March 28, 2023
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge